UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVIRUS MOORE,

    Plaintiff,

v.                                          Case No. 3:22cv1438-MCR-HTC

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Javirus Moore has filed a Motion to Determine Fee Amount, ECF Doc. 21. Defendant Waste Pro of Florida, Inc., responded in opposition, ECF Doc. 23, and filed a Notice of Supplemental Authority, ECF Doc. 27. After reviewing the parties' submissions, the undersigned concludes Plaintiff's motion should be granted to the extent he should be awarded $1,675 in attorneys' fees.

**I.    BACKGROUND**

In October 2017, Plaintiff's counsel filed a collective action complaint on behalf of Anthony Wright and others in the District of South Carolina, alleging he and other drivers employed by Defendant and related entities were not paid the wages required by the Fair Labor Standards Act ("FLSA"). *See Hansen v. Waste Pro of S.C., Inc.*, Case No. 2:17cv2654-DCN, ECF Doc. 1 (D.S.C. Oct. 2, 2017). Drivers from Florida joined the South Carolina case; the federal court in South

Carolina dismissed Defendant from the case for lack of personal jurisdiction in July 2019. *Id.*, ECF Doc. 170. Plaintiff's counsel then filed a collective action against Defendant on behalf of Wright and other opt-in plaintiffs in the Southern District of Florida. *See Wright, et al. v. Waste Pro USA, Inc., et al.*, Case No. 0:19cv62051-KMM, ECF Doc. 1 (S.D. Fla.) (hereinafter "*Wright*"). The court granted conditional certification on December 22, 2020, and Plaintiff opted into the *Wright* action on February 11, 2021. *Id.*, ECF Docs. 148, 165. However, the court decertified the collective action on January 11, 2022. *Id.*, ECF Doc. 291.

After decertification in *Wright*, Plaintiff filed this case in the Northern District of Florida on February 7, 2022, alleging Defendant failed to pay him the overtime wages required by the FLSA. ECF Doc. 1. Specifically, Plaintiff claimed Defendant's failure to include his nondiscretionary bonuses in his regular rate resulted in him not receiving the overtime compensation he was due; he also asserted he was entitled to an equal amount of liquidated damages.

On April 22, 2022, Defendant served a $400.00 offer of judgment on Plaintiff, ECF Doc. 15-1, which he accepted on June 2, 2022, ECF Doc. 15. The Court approved the parties' settlement and concluded Plaintiff was entitled to reasonable attorneys' fees. ECF Docs. 19 & 20. Plaintiff now seeks $11,245 in attorneys' fees, which consists of $3,245 in fees for this case and $8,000 in fees for the *Wright* case.

## II. DISCUSSION

Section 216(b) of the FLSA makes fee awards mandatory for prevailing plaintiffs. *Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021). An award of attorneys' fees is calculated by determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted). Most, if not all, of what are known as the *Johnson* factors[1] are subsumed in the calculation of the lodestar, though an adjustment to the lodestar may be warranted "in the rare and exceptional case where the fee applicant provides specific evidence showing that the lodestar does not adequately reflect the true market value of the attorney's performance." *In re Home Depot Inc.*, 931 F.3d 1065, 1090-91 (11th Cir. 2019). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v.*

---

[1] In *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the Fifth Circuit outlined twelve factors for courts to consider in determining a reasonable attorneys' fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Hensley*, 461 U.S. at 437).

      **A.**      **Fees Related to the *Wright* Action**

Following decertification in *Wright*, Plaintiff's counsel filed FLSA cases on behalf of 107 former class members; 11 cases were subsequently dismissed, leaving 96 active cases. In this case, Plaintiff seeks to recover $8,000 in fees for work performed in *Wright*, which is approximately 1/96 of the $762,165 in attorneys' fees incurred during *Wright*. Plaintiff argues an award of $8,000 is justified because a variety of actions taken during the *Wright* action directly benefitted Plaintiff: (1) the filing of the initial and amended complaints; (2) defeating Defendant's motion to dismiss; (3) attaining conditional certification; (4) defeating Defendant's motion for reconsideration of the conditional certification; (5) administration of class notices and paying for a class administrator; (6) discovery, including review of over 166,000 pages of documents produced by Defendant; (7) depositions of Waste Pro's supervisors, executives, and corporate representative; (8) depositions of approximately 30 class members; (9) contesting dispositive motions and a motion to decertify; and (10) preparation of pretrial disclosures, including performing damage calculations for class members. ECF Doc. 21 at 9-11. Plaintiff posits he would not have been able to obtain an early settlement in this case without the benefit of the discovery in the *Wright* case.

Case No. 3:22cv1438-MCR-HTC

Fees for work performed on a decertified collective FLSA action may be recovered in a subsequent case if a plaintiff can make a "specific showing of benefit" to the plaintiff's individual claim. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 576-77 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). However, for the reasons set forth below, the undersigned finds Plaintiff has not met his burden of showing specifically how the work performed during *Wright* benefitted his individual claim.

Plaintiff's proposal—which would allow him to recover a portion of all the attorneys' fees incurred during *Wright*—does not establish the requisite connection between the *Wright* case and Plaintiff's individual claim. First, despite asserting "the claims at issue in *Wright* were the same claims at issue here," ECF Doc. 21 at 12, Plaintiff fails to acknowledge *Wright* included FLSA claims and factual circumstances not at issue here. The Southern District of Florida's decertification order noted the amended complaint alleged the defendants violated FLSA's overtime provisions by: (1) not paying a true "day rate" for all the hours worked in a given day; (2) not compensating drivers for pre-shift and post-shift duties; (3) automatically deducting a 30-minute lunch break even if no lunch break was taken;

and (4) coupling the day rate with other forms of compensation, including non-discretionary and discretionary bonuses.[2]  *Wright*, ECF Doc. 291 at 2.

In contrast, Plaintiff alleged only that he did not receive the correct overtime pay because his nondiscretionary bonuses were not included in his regular pay rate.[3] Furthermore, part of the Southern District's basis for decertification was that the plaintiffs worked in different regions, under different conditions, and for different decisionmakers.  *Wright*, ECF Doc. 291 at 10-14.  Because a significant amount of counsel's work on *Wright* clearly did not benefit Plaintiff's individual claim, to simply designate a 1/96 fraction of the total work in the *Wright* case as being recoverable by Plaintiff is not appropriate.[4]

Second, Plaintiff fails to identify with specificity how any of the work in *Wright* actually benefitted his individual claim, which was resolved in less than four months through Defendant's offer of judgment.  For example, Plaintiff does not articulate how obtaining conditional certification or attending the depositions of

---

[2] In response to the motion for decertification, Wright conceded his "off the clock" and "lunch deductions" claims should be decertified.

[3] In *Wright*, "[a]t least 100 Opt-In Plaintiffs never received any bonuses over the course of their employment." *Wright*, ECF Doc. 291 at 11 n.11.

[4] It is also unclear why Plaintiff believes he should recover 1/96 of the *Wright* attorneys' fees in this case rather than 1/650, as that was the approximate number of opt-in plaintiffs in *Wright* and, at least in Plaintiff's view, reflects the number of individuals who potentially benefitted from pursuit of the collective action.  The fact not all opt-in plaintiffs chose to file an individual FLSA case after decertification would not affect a determination that they benefitted from that work.

Case No. 3:22cv1438-MCR-HTC

approximately 30 class members—none of whom were Plaintiff—benefitted him. Counsel's conclusory allegations of benefit are not sufficient.

The attorney time records from *Wright* also do not shed any light on how the action may have benefitted Plaintiff. The records do not mention Plaintiff or contain information which make it readily apparent what work would have been beneficial to Plaintiff.[5] The records also contain numerous entries that clearly did not benefit Plaintiff. Indeed, many entries are related to preparing damage calculations or discovery responses for, or having telephone calls with, class members other than Plaintiff. Thus, neither Plaintiff's motion nor the time records from *Wright* make the required specific showing of benefit to Plaintiff.

Third, Plaintiff himself did not actively participate in *Wright*. He had no written discovery served on him, he was not deposed, and he did not file a sworn statement as to any issues in the case. ECF Doc. 23 at 3. And the fact Plaintiff served discovery requests in this case suggests all the information pertinent to Plaintiff's claim was not obtained in *Wright*.

---

[5] Although Plaintiff Javirus Moore is not mentioned, the records do indicate counsel had a telephone call with and attended the deposition of a "Jarvius Moore" in June 2021. ECF Doc. 21-4 at 10. It is unclear whether this is a typo, but: (1) Plaintiff's motion did not indicate Plaintiff was deposed; (2) Defendant's response represents Plaintiff was not deposed; and (3) Plaintiff did not challenge this representation by seeking leave to file a reply. And even assuming it is a typo, it was Plaintiff's burden to identify the entry in the time records and explain how it benefitted his individual claim, which he did not do.

Finally, multiple judges in the Northern District of Florida have addressed the same argument raised by Plaintiff and concluded in persuasive decisions that Plaintiff's counsel has not demonstrated entitlement to fees in the individual FLSA cases for work performed during *Wright*. *See, e.g.*, *Shaw v. Waste Pro of Fla., Inc.*, No. 4:22cv55-AW-MJF, ECF Doc. 31 (N.D. Fla. Nov. 18, 2022) (finding it insufficient to show decertified class action turned on same common core of facts and concluding plaintiff had not made a specific showing *Wright* benefitted him); *Henderson v. Waste Pro of Fla., Inc.*, No. 5:22cv39-TKW-MJF, ECF Doc. 34 (N.D. Fla. Sept. 26, 2022) ("[T]he Court is simply not persuaded that any of the work done in the decertified collective actions directly benefitted Plaintiff in this case."); *Hightower v. Waste Pro of Fla. Inc.*, No. 4:22cv76-MW-MAF, ECF Doc. 39 (N.D. Fla. Sept., 23, 2022) (noting: (1) the primary flaw in plaintiff's argument is his proposal "that the entirety of the *Wright* lodestar be split among the remaining spin-off cases without explaining how every minute of work done directly benefits his current case;" and (2) "[t]he reasonable fees recoverable in this action should be guided by something less arbitrary than the number of opt-in plaintiffs that chose to pursue individual claims—namely, the share of work that benefits this case").

In sum, Plaintiff has not carried his burden of establishing his entitlement to any fees from *Wright*, as he has not shown any specific benefit to his individual

Case No. 3:22cv1438-MCR-HTC

claim and his proposed division of the fees incurred during *Wright* fails to acknowledge the different claims and circumstances at issue there.

B.     **Fees Related to this Action**

Plaintiff seeks $3,245 in attorneys' fees for 6.7 hours of work in this action, which consists of: (1) 2.4 hours of work by C. Ryan Morgan at a rate of $650; (2) 0.7 hours of work by Paul Botros at a rate of $650; (3) 1.6 hours of work by Pausha Taghdiri at a rate of $400; (4) 0.7 hours of work by Jolie Pavlos at a rate of $425; and (5) 1.3 hours of work by paralegals at a rate of $225.

i.     Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). The Court is itself an expert on reasonable rates and may "consider its own knowledge and experience concerning reasonable and proper fees[.]" *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The undersigned finds the rates requested by Plaintiff are unreasonably high.[6] Although attorneys have been awarded higher rates in a few FLSA cases in this District, and the declaration submitted by James Garrity suggests the requested rates

---

[6] Plaintiff cites evidence and cases from the Middle and Southern Districts of Florida to support the requested hourly rates. The undersigned does not find these citations persuasive, as they are not reflective of the legal market in this area.

Case No. 3:22cv1438-MCR-HTC

are reasonable, the undersigned finds the rates identified by Judge Wetherell in the similar case of *Henderson v. Waste Pro of Fla., Inc.*, No. 5:22cv39-TKW-MJF, ECF Doc. 34 (N.D. Fla. Sept. 26, 2022) and Judge Winsor in *Shaw v. Waste Pro of Florida, Inc.*, No. 4:22cv55-AW-MAF, ECF Doc. 31 (N.D. Fla. Nov. 18, 2022),[7] to be more reasonable and consistent with the market rate for a relatively straightforward FLSA case in Northwest Florida. Notably, Plaintiff's claim was resolved in less than four months when he accepted Defendant's $400 offer of judgment. It did not involve protracted, contentious, or time-consuming litigation, and the case did not present difficult questions requiring unique skill. Thus, after reviewing the parties' submissions, the rates awarded in other similar FLSA cases in this area, and based on the undersigned's knowledge and experience, I find the prevailing market rate—that is, the rate that lawyers of comparable skill and experience can reasonably expect to command in this area in this type of case—is $350 for partners and senior attorneys, $200 for associates, and $100 for paralegals.[8]

---

[7] Plaintiff relies on a case from 2015, *Bailey v. Finch*, Case No. 4:14cv216-MW-CAS, where Chief Judge Walker awarded a rate of $550 in an FLSA case. As Defendant points out, however, counsel in *Bailey* argued the case was more complex than the run of the mill FLSA case, and despite granting a fee award based on an hourly rate of $550, Judge Walker noted the typical FLSA award has rates between $350 and $375. ECF Doc. 23 at 13.

[8] Defendant suggests attorney Pausha Taghdiri should be assigned the paralegal rate because he is not admitted to practice in the Northern District of Florida. While the Court has the discretion to make such a reduction, *see Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020), the undersigned does not believe a reduction is warranted here, as though Mr. Taghdiri is not admitted to practice in this District, he is a member of the Florida bar.

Case No. 3:22cv1438-MCR-HTC

ii.     Reasonable Number of Hours

Plaintiff asserts his legal team spent 6.7 hours of time on this case (3.1 hours by Morgan and Botros, 2.3 hours by associates, and 1.3 hours by paralegals). Defendant does not challenge this time as being excessive, ECF Doc. 23 at 16, and, after reviewing the relevant time sheet, ECF Doc. 21-3, the undersigned agrees it is reasonable.

## III.   CONCLUSION

Multiplying the reasonable hourly rates by the reasonable time expended on this case, the undersigned concludes Plaintiff is entitled to an award of $1,675 in attorneys' fees (($350 x 3.1) + ($200 x 2.3) + ($100 x 1.3)). The undersigned also concludes this lodestar fee is reasonable for this case and no upward or downward adjustments are warranted.

Accordingly, it is RECOMMENDED:

That Plaintiff's Motion to Determine Fee Amount, ECF Doc. 21, be GRANTED IN PART and Plaintiff be awarded $1,675 in attorneys' fees.

At Pensacola, Florida, this 5th day of December, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.